# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALAN M.,
      Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,
      Defendant.

No. 3:21-cv-0066 (SRU)

## ORDER ON MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)

Olia Yelner, counsel for the plaintiff Alan M.,[1] seeks an award of attorneys' fees pursuant to section 406(b) of the Social Security Act, 42 U.S.C. Section 406(b). *See* Doc. No. 25. Specifically, the plaintiff seeks $9,934.00 in attorneys' fees. *Id.* For the reasons set forth below, the plaintiff's motion for 406(b) fees, doc. no. 25, is **granted**.

## I.    Background

On January 15, 2021, the plaintiff Alan M. brought this action pursuant to section 205(g) of the Social Security Act, seeking review of a final decision of the Commissioner of Social Security regarding the plaintiff's disability benefits. *See* Doc. No. 1.  On October 1, 2021, the defendant filed a consent motion to remand the matter to the agency under sentence four of 42 U.S.C. § 405(g). *See* Doc. No. 19. On October 8, 2021, this Court granted the defendant's consent motion to remand and entered judgment for the plaintiff. *See* Doc. No. 20; Doc. No. 21.

On January 11, 2022, the defendant filed a joint motion for attorney fees under the Equal Access to Justice Act ("EAJA") seeking an award of attorneys' fees in the amount of $7,026.30.

---

[1] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

*See* Doc. No. 23. On January 12, 2022, this Court entered an order granting the joint motion for attorneys' fees and awarding attorneys' fees in the amount of $7,026.30 under the EAJA. Doc. No. 24.

On January 25, 2023, the plaintiff filed a motion for attorneys' fees under section 406(b) of the Social Security Act seeking attorneys' fees in the amount of $9,934.00. *See* Doc. No. 25. In that motion, the plaintiff's counsel represents that she "will refund the $7,026.30 EAJA, which was awarded on January 12, 2022, to the Plaintiff." *Id*. at 1.

## II.      Standard of Review

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under Section 406(b) are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency agreement. *Id*; *see Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June 5, 2020).

Section 406(b) fees must be both timely and reasonable. In determining whether a Section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D. Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed courts to consider two factors in addition to the statutory 25-percent cap: "whether there has been

fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir. 1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If a counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and Section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

## III.   Discussion

### A.   Timeliness

The plaintiff's counsel contends that she received the "Notice of Change of Benefits, functioning as a Notice of Award, on January 10, 2023." Doc. No. 25 at 2-3.[2] The Notice of Change of Benefits provides the amount of the retroactive award of benefits, $47,780.10. *See* Doc. No. 27-1 at 1. Because the Notice of Change of Benefits provides "notice of the retroactive award of benefits, a contingent-based fee [can] be calculated" based on that Notice of Change of Benefits. *Esposito v. Saul*, 2020 WL 3026459, at *3 (D. Conn. June 5, 2020).

The plaintiff's counsel received the Notice of Change of Benefits on January 10, 2023. *See* Doc. No. 25 at 3. The plaintiff's counsel then filed the motion for attorneys' fees on January 25, 2023. Doc. No. 25. The motion was therefore filed fifteen days after receipt of the notice of the amount of the benefits awarded. Because the plaintiff filed the motion more than fourteen days after the claimant received notice of the amounts of any benefits awarded, the motion for

---

[2] The plaintiff does not attach that Notice of Change of Benefits to the motion for attorneys' fees. However, in the defendants' response to the plaintiff's motion, the defendant attaches as an exhibit what appears to be the same Notice of Change of Benefits. *See* Doc. No. 27-1. Accordingly, I will rely on the copy of the Notice attached by the defendant.

attorneys' fees is not timely under Rule 54. *See Bukilici*, 2020 WL 2219184, at *2. Rule 54's

"fourteen-day limitations period is not absolute," however. *Sinkler*, 932 F.3d at 89. "The rule

expressly states that the specified period applies '[u]nless a statute or a court order provides

otherwise.' Thus, district courts are empowered to enlarge that filing period where circumstances

warrant." *Id*. (quoting Fed. R. Civ. P. 54(d)(2)(B)). Here, the plaintiff missed the deadline by

only one day. Because the delay is not substantial, I will consider the motion timely filed.

   B.  Reasonableness

       The plaintiff's counsel seeks an award in the amount of $9,934.00. Doc. No. 25. In

determining whether the fee amount sought is reasonable, I will begin my analysis by

determining whether the statutory cap has been exceeded and whether there has been any fraud

or overreach. First, the amount requested does not exceed 25% of the plaintiff's past-due

benefits. *See id*. at 3. The fee amount requested therefore does not exceed the statutory cap.

Second, neither party has reported any fraud or overreach, and I have not otherwise found any

indication thereof.

       The third reasonableness factor that remains to be considered is "whether the requested

amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. "In determining

whether there is a windfall . . ., courts must consider more than the de facto hourly rate." *Fields

v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has therefore outlined three

additional factors that should inform a court's determination of a windfall. First, "the ability and

expertise of the lawyers and whether they were particularly efficient." *Id*. Second, "the nature

and length of the professional relationship with the claimant," which "can inform a district

court's understanding of 'the overall complexity of the case, the lawyering skills necessary to

handle it effectively, the risks involved, and the significance of the result achieved in district

court.'" *Id*. at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, the court should consider "the satisfaction of the disabled claimant"; and, fourth, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 855. A review of the fee itemization submitted by the plaintiff's counsel shows that the plaintiff's counsel spent 33.3 hours on this case, and the plaintiff's counsel seeks payment at an hourly rate of $298.32. *See* Doc. No. 22-1; Doc. No. 25 at 4. Because the plaintiff's counsel conducted significant research and review of a medical record, I conclude that the requested amount is reasonable and not "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372.

Accordingly, I **grant** the plaintiff's motion, doc. no. 25, and I award the plaintiff **$9,934.00** in attorneys' fees under section 406(b).

### C.  Previous EAJA Award

On January 12, 2022, I awarded the plaintiff $7,026.30 in attorneys' fees pursuant to the EAJA. *See* Doc. No. 24. Accordingly, because the $9,934.00 in attorneys' fees I award now exceeds the amount awarded previously, the plaintiff counsel is **ordered** to return the EAJA award to her client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

### IV.    Conclusion

For the foregoing reasons, the plaintiff's motion for 406(b) fees, doc. no. 25, is **granted**. The plaintiff's counsel is awarded **$9,934.00** in attorneys' fees. Additionally, the plaintiff's counsel is ordered to return the EAJA award previously ordered, see doc. no. 24, to her client.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of November 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge